UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY GIUCHICI,

        Petitioner,                    Case Number: 2:20-CV-11065
                                                 Honorable Sean F. Cox

v.

SHANE JACKSON,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE HABEAS CORPUS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michael Anthony Giuchici was convicted of first-degree murder, Mich. Comp. Laws § 750.316, in connection with the 1979 shooting death of his father. He was sentenced to life imprisonment. Now before the Court is Giuchici's habeas corpus petition. For the reasons explained below, the Court will transfer the petition to the Sixth Circuit Court of Appeals as a successive petition.

**I. Background**

Giuchici was convicted of first-degree murder following a jury's verdict of guilty but mentally ill, in Lapeer County Circuit Court. On November 19, 1979, he was sentenced to life imprisonment.

In 1997, after unsuccessfully challenging his convictions on direct review, Giuchici filed a petition for writ of habeas corpus in the United States District Court for the Western District of Michigan. *See Giuchici v. Pitcher*, No. 97-00345. The case was assigned to the Honorable David W. McKeague, who addressed the merits of the claims raised and denied habeas corpus relief. *See* 9/29/1999 Op. Adopting Report & Recommendation. (ECF No. 54.) The district court also denied a certificate of appealability. *See* 1/31/2000 Order. (ECF No. 67.) The Court of Appeals dismissed the case because the notice of appeal was not timely filed. *Giuchici v. Pitcher*, No. 99-2485 (6th Cir. March 20, 2000).

On April 14, 2020, Giuchici filed his current habeas petition.[1] (ECF No. 1.) He argues that he was denied a fair trial because he was never afforded a competency hearing.

**II. Discussion**

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d

---

[1] The petition was docketed on the Court's ECF system on May 12, 2020. The docketing delay was caused by issues associated with the ongoing Covid-19 pandemic.

412, 414 (6th Cir. 2016). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010), citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Giuchici could have raised his current claim in his previous petition. The earlier habeas petition was dismissed on the merits. Therefore, the current petition is "second or successive" to the 1997 petition and Giuchici was required to seek preauthorization from the Court of Appeals before filing the petition here, which he did not do. When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the

petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2] *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court ORDERS the Clerk of Court to transfer this case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of the petition.

SO ORDERED.

                                        s/Sean F. Cox
                                        SEAN F. COX
                                        UNITED STATES DISTRICT JUDGE

Dated: May 27, 2020

---

[2] Section 1631 states:

> [w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it was transferred.